# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

October 20, 2021

Lyle W. Cayce
Clerk

No. 20-40596

JANE DOE, *individually and as next friends of* "SON DOE", MINOR SON;
JOHN DOE, *individually and as next friend of* "SON DOE", MINOR SON,

*Plaintiffs—Appellants*,

*versus*

BRIDGE CITY INDEPENDENT SCHOOL DISTRICT,

*Defendant—Appellee*.

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 1:20-CV-113

Before DENNIS, HIGGINSON, and COSTA, *Circuit Judges*.
PER CURIAM:*

Plaintiffs (collectively the "Does") appeal the district court's denial of leave to amend their pleadings. Because we find no abuse of discretion in the district court's holding that allowing the Does leave to amend would have been futile due to contrary controlling precedent, we AFFIRM.

---

* Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

No. 20-40596

## I.

This dispute stems from an alleged assault in a school locker-room upon "Son" Doe, a middle school student in the Bridge City Independent School District ("Bridge City"), by another student. The Does sued Bridge City under 42 U.S.C. § 1983, arguing that the district was liable for Son Doe's injuries. The district court granted Bridge City's motion to dismiss under Fed. R. Civ. P. 12(b)(6), holding that the Does had failed to adequately plead municipal liability to hold Bridge City responsible for the intentional tortious actions of the alleged third-party attacker. The Does had not responded to the motion to dismiss. Although the Does had also not moved to amend their pleadings, the district court proactively denied them that opportunity on the grounds of futility.

Over a month later, the Does filed a motion to reconsider, arguing that the district court's dismissal of their claims was "premature" because they had intended to file an amended complaint in lieu of filing a response to Bridge City's motion to dismiss. Because the Does did not identify any federal rule under which they were moving for reconsideration, the district court analyzed the motion as either a Fed R. Civ. P. 59(e) motion to alter or amend the judgment or a Fed R. Civ. P. 60(b) motion for relief from a judgment or order, and denied the motion under either analysis.[1] The Does now appeal to this court.

## II.

At the outset, the Does argue that this court should construe their petition as an appeal from a Rule 12(b)(6) dismissal, and thus should review

---

[1] The Does do not challenge the district court's Rule 59(e) or Rule 60(b) analysis, nor do they contend on appeal that the district court should have analyzed the motion for reconsideration under any alternate framework.

the district court's holding *de novo*. Bridge City avers that the proper standard of review is abuse of discretion, arguing that the Does have waived any challenge to the district court's dismissal of their claims by failing to brief those arguments on appeal. We agree. The Does briefed only two issues on appeal; first, arguing that the district court erred in denying leave to amend, and second, attempting to advance a constitutional argument on the merits which was not presented to the district court.[2] Because the Does entirely fail to address the district court's reasons for dismissing their claims, they have waived any challenge to the Rule 12(b)(6) dismissal order. Thus, we review for abuse of discretion only the district court's denial of leave to amend.

## III.

Leave to amend "shall be freely given when justice so requires," FED. R. CIV. P. 15(A), but a district court need not do so when amendment would be futile. *Foman v. Davis*, 371 U.S. 178, 182 (1962). The district court denied the Does leave to amend, reasoning that amendment would be futile because, *inter alia*, the Fifth Circuit does not recognize a *DeShaney* special relationship between a school and its students that gives rise to an affirmative duty to protect them from private violence. *DeShaney v. Winnebago County Department of Social Services,* 489 U.S. 189 (1989); *see Doe ex rel. Magee v. Covington Cty. Sch. Dist. ex rel. Keys*, 675 F.3d 849 (5th Cir. 2012) (*en banc*). We agree. In *DeShaney*, the Supreme Court stated that "nothing in the language of the Due Process Clause itself requires the State to protect the life, liberty, and property of its citizens against invasion by private actors." 489 U.S. at 195. A special relationship giving rise to this duty exists only

---

[2] Because this novel argument is raised for the first time on appeal, we decline to consider its merits. *See, e.g.*, *NCDR, L.L.C. v. Mauze & Bagby, P.L.L.C.*, 745 F.3d 742, 752 (5th Cir. 2014).

"when the State takes a person into its custody and holds him there against his will[.]" *Id*. at 199–200.  Previously we have found that this special relationship exists "when the state incarcerates a prisoner," "involuntarily commits someone to an institution," or places a child in foster care. *Covington*, 675 F.3d at 856 (citations omitted).  However, we have held explicitly that "a public school does not have a special relationship with a student that would require the school to protect the student from harm at the hands of a private actor."  *Id*.  Therefore, the school did not have a constitutional duty to protect Son Doe.  The fact that the alleged perpetrator of the private violence in this case was another student does not change this result. *See Walton v. Alexander*, 44 F.3d 1297 (5th Cir. 1995) (*en banc*) (finding no special relationship giving rise to a duty to protect student plaintiff from sexual assault by another student); *Doe v. Columbia-Brazoria Indep. Sch. Dist. by & through Bd. of Trustees*, 855 F.3d 681, 688 (5th Cir. 2017) (same). Because we are bound by these precedents, we agree that any attempt by the Does to amend their pleadings in order to survive Rule 12(b)(6) review would have been futile.

*

For the foregoing reasons, we AFFIRM.